IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JULIA L. GRIFFIN,                    )
                                     )
        Plaintiff,                   )
                                     )
                                     )
vs.                                  )   CASE NO. 3:11-00769
                                     )   JUDGE NIXON/KNOWLES
                                     )
                                     )
SOUTHTEC, LLC and                    )
L&W ENGINEERING, INC.,               )
                                     )
        Defendants.                  )

# ORDER

This matter is before the Court upon Plaintiff's "Motion to Quash Defendants' Notice of Deposition." Docket No. 16. The Motion, which is slightly over two paragraphs long, relates that on August 3, 2012, a Notice of Deposition setting Plaintiff's deposition was served by U. S. Mail on counsel for Plaintiff. The Motion further states that Plaintiff's counsel "has a previously scheduled deposition in another matter . . . on August 30, 2012, and is, therefore, unavailable to represent Ms. Griffin on that date." Docket No. 16, p. 1.

Defendants have filed a Response in opposition to the Motion. Docket No. 18. The Response goes into considerably more detail concerning Defendants' efforts to secure a convenient date for Plaintiff's deposition. Defendants state that, on July 30, 2012, their counsel offered six possible dates in August for Plaintiff's deposition. Defendants' counsel called Plaintiff's counsel twice and sent two e-mails to Plaintiff's counsel, but Plaintiff's counsel did not respond. Therefore, on August 3, 2012, Defendants sent a Notice of Deposition setting

Plaintiff's deposition for August 30, 2012.

On August 22, 2012, essentially a week before the scheduled deposition, Plaintiff's counsel finally contacted Defendants' counsel to state that he was "already obligated on August 30, 2012." *Id.*, p. 2. Plaintiff's counsel then apparently gave Defendants' counsel three available dates in September, all of which were after the discovery deadline of September 7. In response, Defendants offered to take Plaintiff's deposition on August 30, September 4, 5, or 6. Plaintiff's only response was to file the instant Motion to Quash.

Motions to Quash are provided for in Fed. R. Civ. P. 45, which pertains to subpoenas to third-parties. Rule 30, which governs depositions by oral examination, does not provide for a "Motion to Quash." Thus, the instant Motion is more properly viewed as a Motion for a Protective Order, because the deposition at issue is not the deposition of a third party, but the deposition of Plaintiff. *See Estate of Carvel v. Ross*, 566 F. Supp. 2d 342, 351 (D. Del. 2008) ("Rule 45 of the Federal Rules of Civil Procedure sets forth the procedure for issuance of the subpoena when seeking discovery documents from non-parties. . . . The procedure to obtain discovery from parties is set forth in Rules 26 through 37 of the Federal Rules of Civil Procedure.") The instant Motion, therefore, is governed by Fed. R. Civ. P. 26(c).

Fed. R. Civ. P. 26(c)(1), which pertains to protective orders, states in relevant part, "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

Additionally, Rule 37.01 provides in relevant part:

> (a) Joint Written Statement. Prior to filing any discovery motion, counsel for the parties shall prepare a joint written statement of the

matters at issue in the discovery dispute. The joint statement of
issues shall be attached to any discovery motion.

. . .

(b) . . .

(3) Counsel for a party moving to compel
discovery, quash a subpoena, or for a protective
order, shall file with the Court, at the time of the
filing of the motion, a statement certifying that he
has conferred with counsel for the opposing party
in a good faith effort to resolve by agreement the
issues raised and that counsel had not been able
to do so. *No such motion shall be considered by
the Court absent compliance with this Rule.*

(Emphasis added.)

Plaintiff's counsel has failed to comply with Fed. R. Civ. P. 26(c)(1) or Local Rules 37.01(a) and (b)(3).

For the foregoing reasons, the instant "Motion to Quash" (Docket No. 16) is DENIED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge