IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JULIA L. GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:11-cv-00769 |
| | ) | |
| v. | ) | Judge Nixon |
| | ) | Magistrate Judge Knowles |
| SOUTHTEC, LLC and L&W | ) | |
| ENGINEERING, INC., | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Plaintiff Julia L. Griffin's Objection to Magistrate Judge's Order and Motion to Continue the Trial Date ("Objection"). (Doc. No. 31.) Plaintiff requests the Court set aside Magistrate Judge Knowles's order denying her second motion to modify the scheduling order ("Order") (Doc. No. 30), extend the expired discovery and dispositive motion deadlines, and continue the trial date in this matter. (Doc. No. 31.) Defendants Southtec, LLC and L&W Engineering, Inc. filed a Response to the Objection. (Doc. No. 35.) For the reasons stated below, the Court **AFFIRMS** Judge Knowles's order denying Plaintiff's request to modify the scheduling order.

I. **BACKGROUND**

Plaintiff, employed by Defendants beginning in November 2008, filed this case following her termination and alleges gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Tennessee Human Rights Act. (Doc. No. 1 at 2, 4–5.)

On November 30, 2011, Magistrate Judge Knowles issued a Case Management Order ("CMO") setting the following deadlines: discovery to be completed by September 7, 2012;

1

dispositive motions to be filed by October 22, 2012; and trial set for April 2, 2013. (Doc. No. 10 at 3–5.)

Plaintiff filed a motion on August 24, 2012 ("First Motion"), requesting Judge Knowles extend the discovery and dispositive motions deadlines because, due to scheduling problems, counsel would not been able to take several depositions before the discovery deadline. (Doc. No. 17.) Judge Knowles summarily denied the First Motion based on Plaintiff's failure to provide good cause for modifying the deadlines. (Doc. No. 25.)

Plaintiff then filed a second, nearly identical motion on September 18, 2012 ("Second Motion"), requesting the same relief as the First Motion or, in the alternative, requesting a brief continuance of the trial date to allow her time to depose Defendants' witnesses. (Doc. No. 27.) Plaintiff also filed an objection to the order denying her First Motion, arguing that the order was improper because, among other things, Defendants were responsible for Plaintiff failing to schedule her depositions before the discovery period expired. (Doc. No. 26.) Again, Judge Knowles summarily denied the Second Motion based on Plaintiff's failure to show good cause for the request. (Doc. No. 30.)

Plaintiff timely filed the instant Objection to the Order denying her Second Motion, again arguing that she was unable to schedule depositions within the discovery deadline because Defendants delayed communication and provided late responses to written discovery. (Doc. No. 31.) Plaintiff argues that she cannot adequately prepare for trial or respond to Defendants' pending dispositive motion without deposing a number of Defendants' witnesses, who, Plaintiff argues, were involved in the decision-making that lead to her termination. (*Id.* at 2.) Defendants argue that Plaintiff failed to present any facts indicating Judge Knowles's Order is clearly

erroneous or contrary to law, and dispute that they are to blame for Plaintiff's failure to schedule depositions in accordance with the CMO. (Doc. No. 35 at 3–4.)

## II. ANALYSIS

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." A court may modify a scheduling order for good cause "only if a deadline cannot reasonably be met despite the diligence of the party seeking the extension." *Marcilis v. Twp of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (citation and internal quotation marks omitted).

Pursuant to Federal Rule of Civil Procedure 72(a), a party may file objections to an order of a magistrate judge on non-dispositive matters within fourteen days of service of the order, and the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Although Judge Knowles's Order denying Plaintiff's Second Motion does not explicitly set forth his reasons for finding Plaintiff did not show good cause for the extension, the Court finds his decision was not clearly erroneous or contrary to law. Plaintiff's only stated reason for failing to complete discovery within the CMO deadline was "scheduling problems," and the only evidence she presented to show good cause for requiring the extension was her assertion that she made "good faith attempts to coordinate the deposition[s]." (Doc. No. 27 at 1–2.) However, Plaintiff did not acknowledge or explain her failure to conduct discovery for nearly nine months following the entry of the CMO. As Defendants argue and Plaintiff does not dispute, Judge Knowles issued the CMO on November 30, 2011, yet Plaintiff did not serve her first set of interrogatories and document production requests on Defendants until May 22, 2012. (Doc. No. 35 at 2.) The Court finds Judge Knowles was well within his province to determine that this

3

unexplained delay did not meet the Rule 16(b)(4) requirement that Plaintiff show her diligence in attempting to comply with the CMO.

Plaintiff's two-page Objection does not directly argue that Judge Knowles's Order was clearly erroneous or contrary to law. Instead, Plaintiff restates arguments from her previous objection. Specifically, she argues that because she did not receive Defendants' responses to written discovery requests until three weeks before the deadline, and did not receive supplemental interrogatory responses until the date of the deadline, she could not schedule depositions before the deadline expired. (Doc. No. 31 at 1–2.)

Plaintiff's argument is unpersuasive. As an initial matter, the Court notes that evidence in the record shows that Plaintiff's attorney, Andy Allman, first attempted to schedule depositions in this case on August 22, 2012, at which time he stated that he would not be available for depositions until after the discovery deadline. (Doc. Nos. 21-1 at 3; 21-2 at 2.) Even if Mr. Allman could argue that he was unable to determine whom he needed to depose until after he received Defendants' written discovery on August 14, 2012, Plaintiff offers no evidence that Mr. Allman attempted to inquire about the status of Defendants' responses to his discovery requests or discuss deposition scheduling before August 22, 2012. Instead, on August 22, 2012, Mr. Allman simultaneously informed defense counsel about several defense witnesses he wished to depose and stated that he would not be available to depose them until after the discovery deadline expired. (Doc. Nos. 21-1 at 3; 21-2 at 2.) Emails between counsel for Plaintiff and Defendants show that Defendants' counsel attempted to contact Mr. Allman as early as July about discovery and scheduling depositions but that Mr. Allman did not respond until August 22, 2012. (Doc. Nos. 19-1 to 19-6.) The Court finds Mr. Allman's decision to defer communicating with Defendants' counsel until two weeks before the discovery deadline and then be unavailable

to take depositions within those two weeks does not show diligence in attempting to comply with the CMO. Thus, Judge Knowles's decision not to extend the deadline was not clearly erroneous or contrary to law.

Moreover, Plaintiff failed to raise the main argument in her Objection—that Defendants' delay inhibited her from complying with the CMO—in either her First or Second Motion to extend the deadline. Asserting a new argument in an objection that could have been made in the original motion does not provide grounds for the Court to find that the previous order is clearly erroneous or contrary to law under Rule 72(a).

In sum, as Plaintiff has not demonstrated that Judge Knowles's Order is clearly erroneous or is contrary to law and thus, has not met her burden for the Court to modify the Order under Rule 72(a), Plaintiff's Motion is **DENIED**.

It is so ORDERED.

Entered this ___9th___ day of July, 2013.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT